# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3760

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Angel Lomas-Flores, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 18, 2001

Filed: May 24, 2001

_____

Before LOKEN, ROSS, and FAGG, Circuit Judges.

_____

PER CURIAM.

Angel Lomas-Flores pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a). Generally, the statutory maximum sentence for this offense is two years. See id. If the alien was deported following a conviction for an aggravated felony, however, the statutory maximum sentence is twenty years. See id. § 1326(b)(2). Because Lomas-Flores had been deported after his conviction for an aggravated felony, the district court* sentenced him to seventy months

_____

*The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

in prison.  Relying on <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), Lomas-Flores contends his felony conviction must be charged in the indictment because the conviction increases the statutory maximum penalty from two to twenty years.  This contention is foreclosed by our decision in <u>United States v. Raya-Ramirez</u>, No. 00-3839, 2001 WL 300563, at *1 (8th Cir. Mar. 29, 2001).  In <u>Raya-Ramirez</u>, we held <u>Apprendi</u> did not overrule <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 226 (1998) (§ 1326(b)(2) enhancement properly applied to defendant who pleaded guilty to violating § 1326(a), even though the indictment did not allege the defendant's earlier aggravated felony convictions or mention§ 1326(b)(2)).  The district court thus properly applied the enhancement in Lomas-Flores's case, and we affirm his sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.